Patricia Peden (State Bar No. 206440)
Patricia.Peden@leclairryan.com
Christopher Waldon (State Bar No. 310179)
Christopher.Waldon@leclairryan.com
LECLAIRRYAN, LLP
44 Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 913-4912
Telefax: (415) 391-8766

Attorneys for Petitioners
*LIU LUWEI and LV DEZHENG*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| LIU LUWEI, an individual, and LV DEZHENG, an individual,<br><br>　　　　Petitioners,<br><br>　vs.<br><br>PHYTO TECH CORP., a California corporation,<br><br>　　　　Respondent. | Case No. 18-cv-02174<br><br>**VERIFIED PETITION TO RECOGNIZE, CONFIRM AND ENFORCE FOREIGN ARBITRATION AWARD**<br><br>Trial Date:　None Set |

　　　　Petitioners, LIU LUWEI and LV DEZHENG ("Petitioners") seek confirmation of an arbitration award ("The Arbitration Award") dated May 2, 2017 and entered by the Shanghai International Economic and Trade Arbitration Commission ("The Commission") against Respondent PHYTO TECH CORP., a California corporation located in San Luis Obispo County ("Respondent"). Petitioners are entitled to and hereby apply for recognition, confirmation and enforcement of the Arbitration Award pursuant to the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("The New York Convention") and Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201-208. Petitioners further allege as follows:

## PARTIES

1. Petitioner Liu Luwei is a natural person with Canadian nationality residing in Canada.

2. Petitioner Lv Dezheng is a natural person with Chinese nationality residing in China.

3. Respondent Phyto Tech Corp., is a California corporation with a registered agent for service of process at 30111 Tomas, Rancho Santa Margarita, San Luis Obispo County, California, USA.

## JURISDICTION AND VENUE

4. Original subject matter jurisdiction is conferred in this matter pursuant to 28 U.S.C. § 1331, in that this matter is one of federal question arising under the New York Convention, codified at Western division, et. seq., and the Federal Arbitration Act (9 U.S.C. § 1, et. seq.). The United States, where Respondent is incorporated, and the People's Republic of China, where the arbitration took place, are both signatories to the New York Convention. Furthermore, the Arbitration Award is final and legally binding among the parties and arises out of commercial relationships based on a written contract for the transfer of shares in Teejoy (Shanghai) Biotechnology Co., Ltd. ("Teejoy"), a limited liability company incorporated under the laws of the People's Republic of China.

5. Diversity subject matter jurisdiction is also conferred in this matter pursuant to 28 U.S.C. § 1332 in that Petitioners are residents of Canada and People's Republic of China, respectively, Respondent is incorporated and resident in the State of California, and the amount in controversy exceeds $75,000.00.

6. General personal jurisdiction exists over Respondent Phyto Tech Corp. ("Respondent"), as Respondent is incorporated in the State of California and regularly conducts business within the State of California.

7. Venue is proper in this Court pursuant to 9 U.S.C. § 204 and 302 and 128 U.S.C. § 1391(b)(1), as Respondent is located in this judicial district in San Luis Obispo County, and the underlying dispute could therefore have been initiated in this judicial district absent the Agreement (as defined below).

8. Furthermore, venue is proper in this Court under 28 U.S.C. § 1391(b)(3) as Respondent is located in this judicial district and subject to general personal jurisdiction here.

## FACTS AND PROCEDURAL HISTORY

9. On February 5, 2015, Petitioner Lv Dezheng, acting on behalf of Petitioner Liu Luwei, entered into a Shareholding Assignment Agreement with Respondent for the sale to Respondent of a 100% shareholding in Teejoy, as defined above. ("The Agreement"). A true and correct copy of the Agreement is attached as **Exhibit 1** and is incorporated herein by reference. A certified English translation of the Agreement is attached as **Exhibit 2** and is incorporated herein by reference.

10. The Agreement was revised and re-executed on February 6, 2015 and March 5, 2015 in order to comply with regulatory requirements in the People's Republic of China. A true and correct copy of the revised Agreement executed on February 6, 2015 is attached as **Exhibit 3** and is incorporated herein by reference. A certified English translation of the revised Agreement executed on February 6, 2015 is attached as **Exhibit 4** and incorporated herein by reference.

11. A true and correct copy of the re-revised Agreement executed on March 5, 2015 is attached as **Exhibit 5** and incorporated herein by reference. A certified English translation of the re-revised Agreement executed on March 5, 2015 is attached as **Exhibit 6** and incorporated herein by reference.

12. The Agreement contains the following arbitration clause:

"Where any dispute in connection to or arising from this Agreement can settled by amicable negotiation between both parties, where no agreement is reached, any party can submit the dispute to Shanghai International Economic and Trade Arbitration

Commission (Shanghai International Arbitration Center), the arbitration shall be subject to the prevailing arbitration rules ("the Rules") of that commission. The arbitration venue shall be Shanghai. With respect to the arbitration hereunder, the arbitral tribunal ("the arbitral tribunal") shall comprise of three arbitrators, one arbitrator shall be appointed by the Assignee, one shall be appointed by the Assignor, and the third arbitrator shall be appointed jointly by the Assignee, the Assignor and the Subject Company, however, where the Assignee, the Assignor and the Subject Company fail to agree on the appointment of the third arbitrator (the chief arbitrator), such chief arbitrator shall be appointed by the chairman of Shanghai International Economic and Trade Arbitration Commission (Shanghai International Arbitration Center). The award of the arbitral tribunal shall be final and binding legally on the parties. Except as otherwise stipulated in the arbitration award, all expenses shall be borne by the losing party. The parties agree unanimously that, the arbitration shall be preceded in the confidential status." [See **Exhibits 1-6**]

13. Pursuant to the Agreement, Petitioners transferred their shareholding in Teejoy to Respondent. However, Respondent failed to pay the agreed consideration for the shares.

14. The parties' dispute was submitted to be arbitrated by the Shanghai International Economic and Trade Arbitration Commission ("The Commission") pursuant to the Agreement. A true and correct copy of the Arbitration Petition is attached as **Exhibit 7** and incorporated herein by reference. A certified English translation of the Arbitration Petition is attached as **Exhibit 8** and incorporated herein by reference.

15. On June 2, 2016, the Commission gave notice of the composition of the Arbitral Tribunal, a true and correct copy of which is attached as **Exhibit 9** and incorporate herein by reference. A certified English copy of the Notice of Composition of Arbitral Tribunal is attached as **Exhibit 10** and incorporated herein by reference.

16. On May 2, 2017, the Commission made an arbitration award ("The Arbitration Award"), a true and correct copy of which is attached as **Exhibit 11** and incorporated by reference. A certified English translation of the Arbitration Award is attached as **Exhibit 12** and incorporated herein by reference. The Commission ordered as follows:

(I) Order the Respondent to pay RMB 34 million Yuan to two Claimants for shareholding assignment;

(II) Order the Respondent to pay RMB 676,000 Yuan of liquidated damages due to overdue payment to two Claimants as of February 22, 2016;

(III) Dismiss other arbitration claims raised by two Claimants;

(IV) The arbitration fee of arbitration claims from two Claimants in this case was RMB 590,260 Yuan. Two Claimants shall undertake RMB 100,000 Yuan and the Respondent shall pay RMB 490,260 Yuan. As two Claimants had paid all arbitration fees in advance, the Respondent shall pay RMB 490,260 Yuan to two Claimants;

(V) Dismiss all arbitration counterclaims raised by the Respondent;

(VI) The Respondent shall bear the arbitration fees of RMB 248,750 Yuan for arbitration counterclaims. The payments in the above mentioned Item (I), (II) and (IV) shall be paid to two Claimants by the Respondent within 10 days upon service of the Arbitration Award. This arbitration is final and takes effect from the date of rendering.  [See **Exhibits 11-12**]

17. In total, Respondent has been ordered to pay Lv Dezheng and me RMB 35,166,260.00 Yuan.

18. On July 14, 2017, Respondent appealed the Arbitration Award in the Intermediate People's Court of the People's Republic of China ("The Intermediate Court").  A true and correct copy of Respondent's appeal is attached as **Exhibit 13** and incorporated herein by reference.  A certified English translation of Respondent's appeal is attached as **Exhibit 14** and incorporated herein by reference.

19. On August 2, 2017, the Intermediate Court rejected Respondent's appeal and affirmed the Arbitration Award.  A true and correct copy of the Intermediate Court's ruling is attached as **Exhibit 15** and incorporated herein by reference.  A certified copy of the Intermediate Court's ruling is attached as **Exhibit 16** and incorporated herein by reference.

20. To date, Respondent has not paid any amount toward satisfying the Arbitration Award.

## ARGUMENT

21. Chapter 2 of the Federal Arbitration Act (incorporating the New York Convention) provides that "[w]ithin three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207.

22. "Under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitration Awards, upon application for an order confirming the award, the district court has little discretion: the court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the Convention." *Ministry of Defense and Support for Armed Forces of Islamic Republic of Iran v. Cubic Defense Systems, Inc.,* 29 F.Supp.2d 1168, 1171 (U.S. District Court, S.D.Cal. 1998) (citing 9 U.S.C. § 201-208).

23. Article V of the New York Convention provides the grounds for refusing to recognize or enforce an arbitral award, including incapacity of a party (Article V(1)(a)), lack of proper notice (Article V(1)(b)), awards outside the scope of the arbitration agreement (Article V(1)(c)), awards not in accordance with the law of the country where the arbitration took place (Article V(1)(d)) or awards that have not yet become binding (Article V(1)(e)).

24. None of the above grounds are present in this case. There has been no allegation of incapacity of the parties or lack of proper notice. The Arbitration Award is within the scope of the Agreement, as it addresses Respondent's default in payment for the shares in Teejoy under the Agreement. The Agreement provides that the Arbitration Award is final and legally binding on the parties (see Paragraph 12 of this Petition and Exhibits 1-6). Furthermore, the award has

already been affirmed by the Intermediate Court in the People's Republic of China, where the arbitration took place.

25. Petitioners are therefore entitled to confirmation of the Arbitration Award and entry of judgment in conformity with the Arbitration Award pursuant to 9 U.S.C. § 207.

## **PRAYER FOR RELIEF**

WHEREFORE, Petitioners, Liu Luwei and Lv Dezheng seek an order:

(i) Confirming and recognizing the Arbitration Award against Respondent Phyto Tech Corp.;

(ii) Entering judgment in favor of Petitioners against Respondent Phyto Tech Corp. in the amount of RMB 35,166,260.00 Yuan or U.S. Dollar equivalent as of the date of judgment, subject to proof;

(iii) Providing Petitioners with such other and further relief as the Court deems proper.

Respectfully Submitted,

DATED:  March 15, 2018         LeClairRyan, LLP

By: _____
Patricia Peden, Esq.
Christopher Waldon, Esq.

Attorneys for Petitioners
*LIU LUWEI and LV DEZHENG*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 15th day of March, 2018, the foregoing **VERIFIED PETITION TO RECOGNIZE, CONFIRM AND ENFORCE FOREIGN ARBITRATION AWARD** was served to all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*/s/ Adriana L. Lawrence*
Adriana L. Lawrence

Patricia Peden (State Bar No. 206440)
Christopher Waldon (State Bar No. 310179)
LECLAIRRYAN, LLP
44 Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 913-4912
Telefax: (415) 391-8766

Attorneys for Petitioners
Liu Luwei and Lv Dezheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIU LUWEI, an individual, and LV DEZHENG, an individual,<br><br>Petitioners,<br><br>vs.<br><br>PHYTO TECH CORP., a California corporation,<br><br>Respondent. | Misc. Proceeding No.<br><br>**VERIFICATION OF LIU LUWEI**<br><br>Trial Date:   None Set |

I, Liu Luwei, declare:

1. I am one of the Petitioners in this Petition.

2. The contents of this Petition are true of my own personal knowledge. If called and sworn as a witness, I could and would competently testify thereto.

3. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on Feb. 25th, 2018 at Shanghai.

_____
Liu Luwei

8
VERIFIED PETITION TO RECOGNIZE, CONFIRM AND ENFORCE
FOREIGN ARBITRATION AWARD

Patricia Peden (State Bar No. 206440)
Christopher Waldon (State Bar No. 310179)
LECLAIRRYAN, LLP
44 Montgomery Street, Suite 3100
San Francisco, California 94104
Telephone: (415) 913-4912
Telefax: (415) 391-8766

Attorneys for Petitioners
Liu Luwei and Lv Dezheng

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| LIU LUWEI, an individual, and LV DEZHENG, an individual,<br><br>Petitioners,<br><br>vs.<br><br>PHYTO TECH CORP., a California corporation,<br><br>Respondent. | Misc. Proceeding No.<br><br>**VERIFICATION OF LV DEZHENG**<br><br>Trial Date:   None Set |

I, Lv Dezheng, declare:

4. I am one of the Petitioners in this Petition.

5. The contents of this Petition are true of my own personal knowledge. If called and sworn as a witness, I could and would competently testify thereto.

6. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on February 21, 2018 at Beijing

_____
Lv Dezheng