UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.    **CV 18-2174-JFW(GJSx)**                              Date: August 6, 2018

Title:      Liu Luwei, et al. -v- Phyto Tech Corp.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                None Present
   Courtroom Deputy                              Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**           **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                            None

**PROCEEDINGS (IN CHAMBERS):**    ORDER DENYING RESPONDENT'S MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL [filed 7/16/18; Docket No. 47]

On July 16, 2018, Respondent Phyto Tech Corp. ("Phyto Tech") filed a Motion to Stay Enforcement of Judgment Pending Appeal ("Motion to Stay"). On July 23, 2018, Petitioners Liu Luwei and Lv Dezheng (collectively, "Petitioners") filed their Opposition. Phyto Tech filed its Reply on July 23, 2018. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 13, 2018 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

"A stay is not a matter of right, even if irreparable injury might otherwise result." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672 (1926)). "It is instead 'an exercise of judicial discretion,' and '[t]he propriety of its issue is dependent upon the circumstances of the particular case.'" *Id.* (quoting *Virginian Ry. Co.*, 272 U.S. at 672–73). Judicial discretion in exercising a stay is to be guided by the following legal principles: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Lair v. Bullock*, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting *Nken*, 556 U.S. at 434). "The first two *Nken* facts are the most critical." *Id.* at 1204 (quotations and citations omitted). The party requesting a stay bears the burden of showing that the circumstances justify an exercise of [this Court's] discretion." *Nken*, 556 U.S. at 433–34.

After considering the parties' arguments and the record, the Court declines to exercise its discretion and grant a stay.  The Court concludes that the first factor weighs against issuing a stay because Phyto Tech has failed to make a strong showing that it is likely to succeed on the merits.  The second factor also weighs against issuing a stay because Phyto Tech has not offered anything more than pure speculation that it will suffer irreparable injury without an immediate stay.  Although Phyto Tech argues that any money paid to Petitioners will likely be sent to China and, therefore, it will be difficult to repatriate the money if Phyto Tech prevails on its appeal, this argument assumes that Phyto Tech will actually pay the judgment.  In addition, the third factor weighs against issuing a stay because Petitioners will be harmed because they would be prevented from enforcing the judgment for at least two years if the Court entered a stay.  The fourth factor is neutral, as both parties have identified public interests that may be served by issuing or denying a stay.  Accordingly, the Court concludes that Phyto Tech has failed to demonstrate that the *Nken* factors weigh in favor of issuing a stay.

Accordingly, Phyto Tech's Motion to Stay Enforcement of Judgment Pending Appeal is **DENIED**.

IT IS SO ORDERED.