UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.   **CV 18-2174-JFW(GJSx)**                                               Date: August 7, 2018

Title:   Liu Luwei, et al. -v- Phyto Tech Corp.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   **Shannon Reilly**                                         **None Present**
   **Courtroom Deputy**                                       **Court Reporter**


**ATTORNEYS PRESENT FOR PLAINTIFFS:**       **ATTORNEYS PRESENT FOR DEFENDANTS:**
                None                                              None

**PROCEEDINGS (IN CHAMBERS):**       ORDER DENYING PETITIONERS' MOTION FOR ATTORNEYS' FEES AND COSTS [filed 7/5/18; Docket No. 40]

On July 5, 2018, Petitioners Liu Luwei and Lv Dezheng (collectively, "Petitioners") filed a Motion for Attorneys' Fees and Costs. On July 23, 2018, Respondent Phyto Tech Corporation ("Phyto Tech") filed its Opposition. Petitioners filed their Reply on July 23, 2018. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 13, 2018 is hereby vacated and the matter taken off calendar. After considering the moving papers, and the arguments therein, the Court rules as follows:

**I.      Factual and Procedural Background**

On February 5, 2015, Petitioner Lv Dezheng, acting on behalf of Petitioner Liu Luwei, entered into a Shareholding Assignment Agreement (the "Shareholder Agreement") with Phyto Tech. Pursuant to the terms of the Shareholder Agreement, Luwei agreed to assign one hundred percent of the shares in Teejoy (Shanghai) Biotechnology Company, Ltd. ("Teejoy"), a limited liability company incorporated under the laws of the People's Republic of China, to a "domestic or foreign-funded enterprise controlled actually by Steven Chen" for RMB 46,000,000 Yuan. At the time, Phyto Tech was controlled by Steven Chen.

The February 5, 2015 Agreement was revised and re-executed on February 6, 2015 and March 5, 2015 to comply with the People's Republic of China's regulatory requirements. Although the February 6, 2015 Agreement and the March 5, 2015 Agreement were substantially similar to the February 5, 2015 Agreement, they contained two key differences. First, Phyto Tech was specifically named as the assignee and was a signatory to the February 6, 2015 Agreement and

the March 5, 2015 Agreement.  Second, the purchase price of the Teejoy shares in the February 6, 2015 Agreement and March 5, 2015 Agreement was RMB 34,000,000 Yuan, whereas in the February 5, 2015 Agreement, the price was RMB 46,000,000 Yuan.

After Petitioners transferred their shares in Teejoy to Phyto Tech, a dispute arose regarding the price Phyto Tech was required to pay for the shares.  Because each of the agreements contained an arbitration clause, the parties participated in a two day arbitration proceeding before the Shanghai International Economic and Trade Arbitration Commission.  On May 2, 2017, the arbitration panel issued an Arbitral Award (the "Arbitration Award") in favor of Petitioners and ordered Phyto Tech to: (1) pay RMB 34,000,000 Yuan to Petitioners in exchange for the Teejoy shares; (2) pay RMB 676,000 Yuan to Petitioners in liquidated damages; (3) pay RMB 490,260 Yuan for a portion of Petitioners' arbitration fees; and (4) pay its own arbitration fees of RMB 248,750 Yuan.

On July 14, 2017, Phyto Tech appealed the Arbitration Award to the Shanghai No. 2 Intermediate People's Court of the Republic of China ("Intermediate Court").  In its appeal, Phyto Tech objected to the authenticity of evidence that the arbitration panel relied on in its Arbitration Award.  On August 2, 2017, the Intermediate Court denied Phyto Tech's appeal and confirmed the Arbitration Award.

On March 15, 2018, Petitioners initiated this action by filing a Verified Petition to Recognize, Confirm and Enforce Foreign Arbitration Award ("Petition").  On June 18, 2018, the Court granted the Petition and entered final judgment against Phyto Tech.

On July 5, 2018, Petitioners filed their Motion for Attorneys' Fees and Costs.

**II.     Discussion**

Petitioners seek an award of $37,533.50 in fees and costs for work performed in this action to confirm the Arbitration Award.  Petitioners argue that they are entitled to fees on three grounds: (1) the Court's inherent power to award fees and costs; (2) the relevant provision of the Shareholder Agreement permits them to recover fees and costs; and (3) Federal Rule of Civil Procedure 54 authorizes an award of fees and costs.

### A.     Whether the Shareholder Agreement Permits Recovery of Fees and Costs Should Be Submitted to Arbitration

Petitioners argue that they are entitled to a fee award based on the Shareholder Agreement.  Article 11.1 of the Shareholder Agreement provides, in relevant part:

> [W]here a party violates any of its warranty, agreement or provision hereunder and therefore causes any expense, liability or direct economic loss to the other parties, the breaching party shall compensate the other parties for such expense, liability or loss.  Such compensation shall be equal to the actual losses or deprived entitlements of the non-breaching party.  Such compensation does not affect the rights and remedies that the non breaching party is entitled to under the laws, regulations and this Agreement.  The rights and remedies that the non

>   breaching party is entitled to under the laws, regulations and this Agreement shall remain in force even if this Agreement is rescinded, terminated or performed. . . .

The parties have conflicting interpretations of this provision.  Petitioners argue that the provision allows them to recover expenses and other direct economic losses—including attorneys' fees—that they incurred as a result of Respondents' breach of the Shareholder Agreement.  Mot. 6.  By contrast, Phyto Tech argues that Petitioners should not be awarded fees because the provision does not explicitly authorize attorneys' fees.  The Court concludes that this issue must be resolved in arbitration.  Article 15.3 of the Shareholder Agreement provides:

>   "Where any dispute in connection to or arising from this Agreement cannot be settled by amicable negotiation . . . any party can submit the dispute to the Shanghai International Economic and Trade Arbitration Commission."

The issue of whether Article 11.1 provides for attorneys' fees clearly is a dispute that is connected to or arises from the Shareholder Agreement.  Accordingly, the Court concludes that this issue should be resolved by arbitration.

### III.    Conclusion

In light of the Court's conclusion that the issue of Petitioners' entitlement to an award of attorneys' fees should be resolved in arbitration, the Court **DENIES** Petitioners' Motion for Attorneys' Fees and Costs.


IT IS SO ORDERED.